UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VALIRICA CARTY,

    Plaintiff,

v.                                    Case No. 8:19-cv-511-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claims for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 250-59). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 98-110, 111-23, 128-43, 144-59). Plaintiff then requested an administrative hearing (Tr. 186-88). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 36-81). Following the hearing, the ALJ issued an unfavorable decision

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 16-35). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 5-10). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1960, claimed disability beginning November 7, 2015 (Tr. 39, 250, 254). Plaintiff attended three years of college (Tr. 39-40). Plaintiff's past relevant work experience included work as a customer service representative (Tr. 27, 275, 284-99, 346). Plaintiff alleged disability due to cardiomyopathy and congestive heart failure (Tr. 274).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2020 and had not engaged in substantial gainful activity since November 7, 2015, the alleged onset date (Tr. 21). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: a variety of cardiovascular impairments, including congestive heart failure, non-ischemic cardiomyopathy, tricuspid valve disorder, hypotension, ventricular tachycardia, and status-post implantable cardioverter-defibrillator; chronic kidney disease, stable; and iron deficiency anemia (Tr. 22). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

sedentary work except she required a sit/stand option allowing her the opportunity to briefly alternate between sitting and standing positions at 30 to 60 minute intervals throughout the workday, while still attaining the requisite sitting and standing required of the sedentary exertional category; she could occasionally push/pull with the bilateral upper extremities, as well as frequently operate foot controls with the bilateral lower extremities; she could occasionally climb ramps and stairs and occasionally balance, stoop, kneel, crouch and crawl, but could never climb ladders, ropes, or scaffolds; she could frequently reach, handle, and finger bilaterally and must avoid concentrated exposure to extreme cold and excessive vibrations; and she must avoid all exposure to hazardous machinery and unprotected heights (Tr. 24). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 25).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform her past relevant work (Tr. 27-28). Accordingly, the ALJ found Plaintiff not disabled (Tr. 28).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or

which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.  Analysis**

Plaintiff argues that the ALJ erred by "failing to consider all of the claimant's limitations, both severe and non-severe, in combination" (Doc. 23 at 6). For the reasons

5

that follow, the Court finds that the ALJ properly considered Plaintiff's impairments as a whole in evaluating her claims (Tr. 22-27).

At steps two and three of the sequential evaluation, the ALJ assessed the four areas of mental functioning known as the "paragraph B" criteria. The ALJ found Plaintiff had mild limitation in understanding, remembering or applying information; mild limitation in interacting with others; mild limitation in concentrating, persisting, or maintaining pace; and mild limitation in adapting or managing oneself (Tr. 23). These limitations, however, are used to rate the severity of a claimant's mental impairments in steps two and three[2] (Tr. 23). These limitations are not an RFC assessment, and the ALJ stated that the RFC reflected the degree of limitation the ALJ found in the "paragraph B" mental function analysis (Tr. 23).

The ALJ specifically found that Plaintiff did not have "an impairment or a combination of impairments" that met or equaled a listed impairment and stated that he "considered all symptoms" (Tr. 24). These statements are sufficient to establish that the ALJ adequately considered all of Plaintiff's impairments. *See Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 n.3 (11th Cir. 2010)[3] (ALJ's statements that he considered "the entire record" and "all symptoms" indicate he considered all of claimant's impairments); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (a simple expression of the ALJ's consideration of the combination of impairments constitutes a

---

[2] The ALJ found Plaintiff's mental impairments to be non-severe (Tr. 23).
[3] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

sufficient statement of such findings); *Prince v. Comm'r*, 551 F. App'x 967, 971 (11th Cir. 2014) (finding no error in the ALJ's failure "to make detailed findings or explicitly discuss whether [the claimant's] impairments met or equaled [a Listing]" because the finding could be implied from the ALJ's discussion of relevant medical evidence); *Wilson*, 284 F.3d at 1224-25

Moreover, Plaintiff bears the burden of proving she is disabled. 20 C.F.R. §§ 404.1512, 416.912; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). Here, Plaintiff has failed to establish that her non-severe mental impairments caused work-related limitations or prevented her from performing her past relevant work as a customer service representative. *See Jackson v. Bowen*, 801 F.2d 1291, 1293-94 (11th Cir. 1986) (stating a claimant bears the burden of proving that she could not perform her past relevant work either as she performed the work or as the work is generally performed in the national economy); *see also Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987) (it is the functional limitations imposed by a condition, rather than the mere diagnosis of the condition, that determines disability); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Plaintiff failed to cite medical evidence or other acceptable evidence establishing that she actually had work-related mental limitations. The ALJ appropriately discounted Plaintiff's testimony regarding the intensity, persistence, and functionally limiting effects of her alleged symptoms as not entirely consistent with the medical evidence and other evidence in the record, which Plaintiff does not challenge (Tr. 25). *See Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013) (holding claimant waived arguments by not expressly challenging ALJ's findings). Similarly, Plaintiff's speculation that "[t]here is a

reasonable probability that if the Administrative Law Judge included the mild limitations in concentration and/or social functioning, the vocational expert would have eliminated the claimant's past relevant work" (Doc. 23 at 7) is unavailing as Plaintiff has not shown any corresponding functional limitations such that she could not perform her past relevant work. *See Jackson*, 801 F.2d at 1293-94.

Finally, the ALJ's finding that Plaintiff did not have work-related mental limitations is supported by substantial evidence. The mental health treatment notes reveal unremarkable mental status findings and do not indicate that Plaintiff had mental limitations on her ability to work (Tr. 858-59, 943-44, 946-47, 1106, 1108, 1109-10). Here, the ALJ clearly considered all of Plaintiff's impairments, severe and non-severe, in combination, including any mental limitations, and substantial evidence supports the ALJ's decision such that remand is not warranted on these claims.

**V.     Conclusion**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Defendant and close the case.

**ORDERED** in Tampa, Florida, on this 12th day of February 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE